JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants, Michael Wollman and John Eddy, firefighters employed by the City of Cleveland, appeal from the trial court's order that granted summary judgment in favor of appellees, the City, Cleveland Mayor Jane L. Campbell, the City's Civil Service Commission (the "CSC"), the city's Department of Public Safety, and James Draper (formerly, the city's Director of Public Safety) on appellants' complaint for injunctive and declaratory relief.
 {¶ 2} Appellants complain on appeal that issues of material fact were presented and, further, that the trial court erred by failing to construe the evidence in their favor. This court, however, disagrees. Consequently, the trial court's decision is affirmed.
 {¶ 3} The stipulations entered into by the parties in the trial court demonstrates the following facts:
 {¶ 4} The appellants are full-time employees of Cleveland in the fire department who were hired in the 1980s and 1990s. On January 8, 2000, they took a Civil Service exam for the rank of lieutenant. That position is part of the "classified service" covered by civil service rules.
 {¶ 5} The CSC graded the exam and prepared an "eligible list" of those persons who had achieved a grade of 70% or higher. The list was dated April 4, 2000. Appellants were listed at numbers 62 and "64." Number 63 was skipped; no reason for this appears in the record, and it seems to be simply a typographical error.
 {¶ 6} Pursuant to CSC Rule 5.20, an eligible list lasts two years or until another list is prepared, whichever comes first. Over the next year and a half, the persons who had numbers listed 1 through 35 were appointed to the position of lieutenant in the fire department.
 {¶ 7} On March 20, 2002, the city's Director of Public Safety, who is the appointing authority, notified the CSC pursuant to its Rule 6.10 that twenty-four vacancies had opened in the rank of lieutenant. The CSC provided to the Director the remaining names on the eligible list.
 {¶ 8} On March 27, 2002, twenty-four persons, numbers 36 through 60A, were appointed to the rank of lieutenant. The next person on the list, number 61, was Robert Schwind; appellants immediately followed him on the list.
 {¶ 9} Although not stipulated, it was undisputed below, and the record reflects, that another vacancy in the position occurred on April 3, 2002. Pursuant to CSC Rule 5.20, therefore, the 2002 eligible list expired the following day.
 {¶ 10} Schwind was promoted to the April 3 vacancy; however, his promotion was not finalized until April 29, 2002.
 {¶ 11} On May 13, 2002, one of the men who had been promoted to the rank of lieutenant on March 27, requested his promotion be rescinded. The CSC had not as yet held another exam. In fact, the next exam did not take place until June 2002, and scoring of it still had not taken place as of the beginning of October 2002. Thus, pursuant to CSC Rule 7.20, the Director made a temporary promotion; the person so promoted, however, was not one of the appellants. Rather, the Director did not consult the April 2000 eligible list.
 {¶ 12} The eligible list created by the June 2002 exam, moreover, became embroiled in a federal lawsuit. In October 2002, the federal judge issued an order that forbade any certifications or promotions from that eligible list until further order of the court.
 {¶ 13} Appellants filed the instant action in December 2002. In it, they sought injunctive relief to prevent further temporary promotions to the rank of lieutenant, and a declaratory judgment that since no current eligible list existed, the April 2000 list should remain in effect. Therefore, appellants actually sought to obtain promotions by forestalling implementation of the civil service rule the city had applied to the situation, viz., 7.20.
 {¶ 14} During the pendency of this action, the trial court issued an order with regard to appellants' claim for injunctive relief, stating that the federal court's order would be applied to forestall any further promotions until either: 1) that court issued another order as to the legality of the June 2002 exam; or, 2) the instant action was resolved.
 {¶ 15} This action proceeded to summary judgment. The parties entered into stipulations of fact and evidence that they filed with the court in February 2004, and thereafter filed cross-motions for summary judgment.
 {¶ 16} Appellants argued they should have been the next persons promoted to the rank of lieutenant, even temporarily, pursuant to Rule 6.50 and this court's decision in Fraternal Order of Police v. Cleveland
(2001), 141 Ohio App.3d 63 ("FOP"). On the other hand, appellees argued that since no vacancies existed on April 4, 2002, i.e., the date of the expiration of the April 2000 list, in the absence of a new eligible list, CSC Rule 7.20 applied. Thus, without reference to any list, the Director could make temporary appointments to any vacancies that opened after April 5, 2002.
 {¶ 17} The trial court permitted the parties orally to argue their respective positions; the transcript of that hearing is not included in the record on appeal.
 {¶ 18} Subsequently, in a lengthy opinion and order, the trial court essentially agreed with the appellees' position. Therefore, appellants' motion for summary judgment was denied, while appellees' motion for summary judgment was granted with respect to appellants' claims. Naturally, appellants thus were not entitled to any injunctive relief.
 {¶ 19} Appellants challenge the trial court's decision with three assignments of error as follows:
 {¶ 20} "I. The court of common pleas erred in granting summary judgment to Defendants and denying promotions to Plaintiffs by ignoring binding precedent.
 {¶ 21} "II. The court of common pleas erred in granting summary judgment to Defendants and denying promotions to Plaintiffs by applying different standards for selection of certified eligibles for firefighters' promotions than courts have applied to police department appointments under the same rules and candidates promoted off the same list.
 {¶ 22} "III. The court of common pleas erred by deciding a material dispute of fact on summary judgment by finding that there was no vacancy under Cleveland's civil service rules into which Plaintiffs could be promoted and failing to construe the evidence in Plaintiffs' favor."
 {¶ 23} Although appellants set forth three "assignments of error," they essentially present only two arguments, which, actually, are mutually exclusive.
 {¶ 24} They complain first that the trial court wrongly concluded appellants were not entitled to summary judgment on the basis that the decision in Fraternal Order of Police v. Cleveland, supra, was inapplicable to the facts of this case. Secondly, they complain in their third assignment of error that summary judgment in this case was improper because a "material" fact, viz., the date of the vacancy to which Schwind ultimately was promoted, was "disputed."
 {¶ 25} Appellants' second argument is rejected. Such an argument was not presented below; appellants never argued a vacancy in the rank of lieutenant existed as of April 4, 2002. Indeed, besides neglecting to argue that any evidence was disputed, appellants asserted no genuine issues of fact existed. Instead, they contended the only issue for the court was a matter of law. Therefore, the argument put forth in the third assignment of error will not be considered on appeal. State Farm Mut.Auto Ins. Co. v. Latimore (Nov. 5, 1992), Cuyahoga App. No. 63142; see also, Eagleye v. TRW, Inc. (Feb. 17, 1994), Cuyahoga App No. 64662.
 {¶ 26} Appellants' argument presented in their first and second assignments of error similarly is rejected.
 {¶ 27} Although appellants complain that appellees' motion for summary judgment was inappropriately granted, the Civil Service Rules that apply to the issue the parties presented to the trial court are straightforward. The trial court correctly interpreted those rules.
 {¶ 28} The Rules have no provision that extends the time period for an eligible list. Only if a vacancy exists before the list expires must it be used to fill that vacancy. Appellants did not argue that a vacancy
existed as of April 4, 2002. Rather, they argued that since no currenteligible list existed, the April 2000 list remained in effect.
 {¶ 29} The trial court's opinion and order demonstrates that it reviewed the Civil Service Rules in conjunction with the facts presented in the FOP case, and that it properly determined, albeit in a roundabout way, the facts presented herein were distinguishable.
 {¶ 30} As of the date the list in Fraternal Order of Police v.Cleveland, supra, was due to expire, vacancies still existed; therefore, the civil service rules required appointment from the former list rather than the next list.
 {¶ 31} In this case, however, persons listed from numbers 1 through 61 had been promoted from the April 2000 list of eligibles; appellants were listed as numbers 62 and 64. As of April 5, 2002, no vacancies existed, and, additionally, no new list had been created. Therefore, after that date, CSC Rule 7.20 provided the Director could make temporary appointments without reference to the expired list.
 {¶ 32} Since the trial court's conclusion is supported in the record, appellants' first and second assignments of error also are overruled.
 {¶ 33} The trial court's order is affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J. Concurs
Sean C. Gallagher, J. Disents (See Attached Dissenting Opinion)
 DISSENTING OPINION